IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-554-CR




ROBERT MARTINEZ LOPEZ,


a/k/a JOSE JUAN MARTINEZ LOPEZ



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT


NO. 91-452-K277, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and assessed punishment
at imprisonment for ninety-nine years. Tex. Penal Code Ann. § 22.021 (West 1989). The
evidence shows that appellant had sexual intercourse with an eleven-year-old girl on numerous
occasions. The complainant became pregnant and delivered a child. DNA tests of blood samples
taken from appellant, the complaining witness, and the baby established appellant's paternity of
the child.

 In his only point of error, appellant contends he did not receive effective assistance
of counsel during pretrial proceedings. See Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Appellant asserts that counsel was
ineffective because he agreed to an arrangement by which appellant's blood would be taken for
the purpose of DNA testing, with the results of the tests to be made available to both the defense
and the State. The record reflects that shortly after his arrest, appellant requested that blood
typing be done in an effort to eliminate him as father of the complainant's child. When these
blood tests proved inconclusive, appellant agreed to DNA testing. The record contains a written
"consent to have blood drawn for DNA testing" signed by appellant, his attorney, and the
prosecutor. This document states, in part, that


I, Robert Martinez Lopez hereby consent to have my blood drawn for the purposes
of DNA testing to determine the paternity of the child of [the complainant]. . . . 
I am waiving all rights to contest the State obtaining my blood and in fact I have
requested that the test be performed. . . . I understand that if the results of the test
show that I am the father of the child that those results can be used in court.



The record also contains a written order by the district court directing the three principals to
submit blood samples for DNA testing by a named expert, such testing to be done at the county's
expense. The order provided that the results of the testing would be made available to counsel
for appellant and the State.

 Appellant does not complain that the decision to employ DNA testing was poor
defensive strategy, not does he contend that he did not understand the possible consequences of
this strategy. Appellant urges only that instead of the procedure employed, counsel should have
requested funds for investigation and used that money to hire a DNA expert. In this way, argues
appellant, the State would not have had access to the inculpatory results of the DNA tests.

 Counsel might have been able to obtain private DNA testing of appellant's blood
by the alternative procedure suggested in appellant's brief. But in order to prove or disprove
paternity, it was also necessary to test the blood of the complaining witness and her child. 
Appellant's brief does not suggest how, without a court order, counsel could have obtained blood
samples from the complainant and her child for testing, or how such an order could have been
obtained without an agreement to make the results of the tests available to the State. The brief
also does not explain how, if the State wished to perform DNA tests, counsel could have
prevented the State from obtaining a sample of appellant's blood pursuant to a search warrant. 
In short, appellant has not demonstrated that counsel's handling of the DNA testing was defective
or that the results of the trial would have been different had the procedure appellant now suggests
been employed.

 In the same point of error, appellant complains that his attorney at trial did not
present an adequate argument to the jury at the punishment stage. (1) See Ex parte Cruz, 739
S.W.2d 53 (Tex. Crim. App. 1987); Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). 
Neither appellant nor the State put on additional evidence at the punishment stage. In her
argument, trial counsel told the jurors that appellant "would rely on your reasonableness" in
determining the proper punishment. She asked the jurors "to maintain that ability of individuality
. . . to stand on your own with regard to the figure that you feel is appropriate." While this
argument was brief, we do not believe that, standing alone, it rendered counsel's representation
ineffective.

 The point of error is overruled. The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed:  November 4, 1992

[Do Not Publish]
1. Shortly before trial, the attorney who had been appointed to represent appellant was allowed
to withdraw after appellant objected to his continuing representation. Another appointed attorney
represented appellant at trial.